UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUSTIN RUIZ PAVANA,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security<br><br>        Defendant. | No. SACV 12-1640 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

      Plaintiff Agustin Ruiz Pavana filed this action on September 27, 2012. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on October 1 and November 7, 2012. (Dkt. Nos. 4, 7.) On March 26, 2013, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

      Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for further proceedings consistent with this opinion.

# I.

# PROCEDURAL BACKGROUND

In June 2008, Pavana filed applications for disability insurance benefits and supplemental security income. Both applications alleged an onset date of January 28, 2008. Administrative Record ("AR") 30, 138, 149, 175, 181. The applications were denied initially and upon reconsideration. AR 30, 86-89. Pavana requested a hearing before an Administrative Law Judge ("ALJ"). AR 101. On April 1, 2010, the ALJ conducted a hearing at which Pavana, a vocational expert and a medical expert testified. AR 54-85. At the hearing, Pavana amended on the alleged disability onset date to September 1, 2007. AR 30, 81, 83. On May 14, 2010, the ALJ issued a decision. AR 20-38. The ALJ found Pavana disabled as of May 7, 2009, the date Pavana's age category changed to an individual of advanced age. AR 36-37. However, the ALJ denied benefits in the period prior to May 7, 2009. AR 20-38. On August 6, 2012, the Appeals Council denied the request for review. AR 1-5. This action followed.

# II.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than

one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.

## DISCUSSION

### A. Disability

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. The ALJ's Findings

The ALJ found Pavana disabled as of May 7, 2009. AR 36-37. Therefore, this opinion addresses the ALJ's findings after the alleged onset date of September 1, 2007 and before May 7, 2009.

The ALJ found that Pavana met the insured status requirements through March 31, 2009. AR 32. Pavana had the severe impairments of "disorder of the lumbar spine, hypertension with cardiomegaly, diabetes mellitus without evidence of end organ damages, and history of prostate cancer without evidence of local or distant metastases." *Id.* Pavana had the residual functional capacity ("RFC") to lift and/or carry 20 pounds occasionally and 10 pounds frequently, and could sit, stand and/or walk for 6 hours in an 8 hour workday "provided he is allowed to change positions briefly for one to three minutes every hours." AR 33. Pavana could occasionally climb, stoop, crouch, crawl and bend. *Id.* Although Pavana was incapable of performing past relevant work, there are jobs that existed in significant numbers in the national economy that Pavana could perform. AR 35-37.

**C. Credibility**

Pavana contends the ALJ erred in finding his symptom testimony not credible.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (citations omitted); *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (*en banc*). The ALJ found that Pavana's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR 35.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).

The ALJ concluded that Pavana's statements were not credible to the extent they were inconsistent with his RFC. AR 35. The ALJ relied essentially on three reasons: (1) inconsistencies between Pavana's claims of very strong back pains and Pavana's back pain ratings of 1-3 on a scale of 1 to 10; (2) lack of objective medical evidence to substantiate the subjective allegations; and (3) continued work as a painter in 2008 and 2009, which suggests his functional capabilities are greater than he maintains. AR 35.

**1. Inconsistent Statements**

The ALJ may properly consider inconsistencies or discrepancies in a claimant's statements, inconsistencies between a claimant's statements and activities, and exaggerated complaints. *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002).

Pavana testified that he has "very strong" pain in his low back that affect his ability to bend, walk or stand for a long time. AR 71. He can stand for about half an hour before he has to move or sit, and can walk for about an hour. AR 71-72. By contrast, as the ALJ noted, Pavana reported pain of 1-3 on a scale of 1 to 10 in the medical records. AR 425 (12/08), 467-68 (6/09), 469 (8/09), 470 (10/09), 471 (12/09), 472-73 (1/10).

Pavana argues that these inconsistencies may be not considered because the ALJ did not rely on this reason to discount credibility. JS at 7. However, the ALJ expressly relied upon these inconsistencies. AR 35 ("the intensity of claimant's back pain, which he described as very strong, usually ranges from one to three (on a scale of one to ten)").

### 2. Objective Evidence

Although lack of objective medical evidence supporting the degree of limitation "cannot form the sole basis for discounting pain testimony," it is a factor that an ALJ may consider in assessing credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Pavana does not dispute the ALJ's finding that the objective medical evidence does not corroborate the degree of limitations alleged.

### 3. Work Activity

Pavana testified that he "used to paint homes or houses" for about two months in 2008.[1] AR 63, 65, 244. Pavana apparently obtained this work through a temporary employment agency. AR 270.

Pavana argues that the ALJ may not discount his credibility based on his work. "It does not follow from the fact that a claimant tried to work for a short period of time and, because of his impairments, *failed*, that he did not then experience pain and limitations severe enough to preclude him from *maintaining* substantial gainful

---

[1] Pavana's questionnaire indicated that he worked 8 hours per day. AR 244. He stated that his duties were changed by his supervisor after one week, but did not indicate his duties were inconsistent with the ALJ's RFC.

employment." *Lingenfelter*, 504 F.3d at 1038. This factor "alone is not a clear and convincing reason" for discounting credibility. *Id.*

Here, however, Pavana's work ended because it was a temporary position. Pavana did not testify that he lost this job due to his impairments or that this work constituted a trial work period. Moreover, the ALJ did not rely on this factor alone. Instead, the ALJ found only that this evidence "suggests that the claimant's functional capabilities have, at times, been greater than he maintains." AR 35.

The ALJ's credibility finding is supported by substantial evidence, and this court "may not engage in second-guessing." *Thomas*, 278 F.3d at 959 (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999)). The ALJ did not err.

**E.     Lay Witness Testimony**

Pavana contends the ALJ did not articulate any reason for discounting his wife's lay witness statements.

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006). "When an ALJ discounts the testimony of lay witnesses, 'he [or she] must give reasons that are germane to each witness.'" *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (citation omitted).

The ALJ noted that Pavana's subjective allegations were "generally corroborated" by his wife. AR 34, 214-21. The ALJ erred in discounting her statements without stating any reasons. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). The question is whether the ALJ's error is harmless. "[A]n ALJ's error is harmless where it is "inconsequential to the ultimate nondisability determination.'" *Id.* (citation omitted). "Where lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony, it would be inconsistent with our harmless error precedent to deem the ALJ's failure to discuss the lay witness testimony to be prejudicial per se." *Id.* at 1117; *Valentine*, 574 F.3d at 694 (When an

ALJ has provided clear and convincing reasons for rejecting a claimant's testimony, and the lay witness' testimony was similar to the claimant's testimony, "it follows that the ALJ also gave germane reasons for rejecting the [lay witness'] testimony."). Here, Pavana has not identified material limitations that were not already generally described by him. JS at 11. The ALJ found that Pavana's wife's statements generally corroborated Pavana's statements. AR 34. As discussed above, the ALJ articulated sufficient reasons supported by substantial evidence for discounting Pavana's credibility. The ALJ's error in failing to articulate reasons for discounting Pavana's wife's credibility was therefore harmless.

Pavana urges this court to adopt a harmless error standard that was specifically rejected by the Ninth Circuit. In *Molina*, the court rejected the argument that "failure to give individualized reasons for rejecting a lay witness's testimony that would be material standing alone is per se prejudicial." 674 F.3d at 1117. The court rejected the interpretation of *Stout* that Pavana urges here. *Id.*; JS at 11-13.

### F. Ability to Read and Write English

There are three age categories in the grids: younger persons (under age 50), persons close approaching advanced age (age 50-54) and persons of advanced age (55 and older). *Lockwood v. Comm'r, SSA*, 616 F.3d 1068, 1071 (9th Cir. 2010).

The ALJ applied grid rule 202.11, which applies to an individual closely approaching advanced age who is at least literate and able to communicate in English. Pavana argues that he falls within grid rule 202.09 because he is illiterate and his prior work experience is skilled or semi-skilled with no transferable skills. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 2, Rules 202.09, 202.11; *Silveira v. Apfel*, 204 F.3d 1257, 1260 n.11 (9th Cir. 2000) (skilled or semi-skilled work history with no transferable skills is equivalent of unskilled work history).

The ALJ found that Pavana is able to communicate in English. AR 36. However, Pavana may fall within grid rule 202.09 if he is illiterate or unable to communicate in English. The requirements are disjunctive. *Silveira*, 204 F.3d at 1261.

The term "illiterate" "means the inability to read or write." 20 C.F.R. §§ 404.1564, 416.964. "We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name." *Id.* Only literacy in English is considered. *Chavez v. HHS*, 103 F.3d 849, 852 (9th Cir. 1996). The Commissioner bears the burden of proof. *Silveira*, 204 F.3d at 1261 & n.14.

The ALJ did not expressly make a finding as to literacy. The ALJ found as follows:

> At the hearing, the claimant testified that he can understand a little English (Testimony). He also stated that he can read newspaper articles in English, although he may not understand everything (Testimony). If given a written sample of English, he is able to read it to someone else, as long as he understands the content.
>
> The claimant's representative dictated two English sentences to the claimant; and the claimant's transcription of those sentences, despite the spelling errors, clearly indicate that he understood what was said (Exhibit 16E/2; Testimony). Finally, the claimant testified that he had schooling on how to write in English when he was studying to become an U.S. citizen (Testimony).

AR 36, 68-69, 272-73. It is unclear whether the ALJ considered this evidence sufficient proof of literacy. On remand, defendant should make clear whether Pavana is deemed literate for purposes of the application of the grid rules.

## IV.

## **CONCLUSION**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and this matter is remanded for clarification of Pavana's literacy and, as appropriate, further proceedings consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: May 1, 2013

                                      ALICIA G. ROSENBERG
                                      United States Magistrate Judge